Filed 2/27/24  Nguyen v. Patterson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| PHUONG T. NGUYEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>RYAN JAMES PATTERSON,<br><br>        Defendant and Respondent. | A168112<br><br>(San Francisco County<br>Super. Ct. No. CGC21591803) |

**MEMORANDUM OPINION**

San Francisco property owner Phuong T. Nguyen brought suit against several private parties and local officials relating to disputes precipitated by her tenant's alleged damage to and misuse of the property, including through unlawful subletting of hotel-style rooms during the pandemic.  She timely appeals an order granting a special motion to strike made by one of the defendants, attorney Ryan James Patterson, who briefly represented the tenant in dealings with local housing enforcement officials.[1]  (See Code Civ. Proc., § 425.16)

---

[1]  We resolve this case by memorandum opinion.  (Cal. Stds. of Jud. Admin., § 8.1.)  We do not recite the factual and procedural background because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

1

In her opening brief plaintiff raises two issues:

First, she argues Patterson's motion was untimely. It was not. "An anti-SLAPP motion may be brought within 60 days of service of an amended complaint ' "if the amended complaint pleads new causes of action that could not have been the target of a prior anti-SLAPP motion, or adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion." ' " (*Starview Property, LLC v. Lee* (2019) 41 Cal.App.5th 203, 206.) Here, the record shows Patterson filed his motion within 60 days of (attempted) substituted service on him of the first amended complaint, which was the pleading that named him as a defendant (identifying him as previously sued Doe defendant). Plaintiff's untimeliness argument is based on the mistaken assumption that the deadline for Patterson to file his motion is measured from the filing of the *original* complaint, which is incorrect because he was not served with that pleading.

Even if the motion was untimely, moreover, we would not reverse the court's anti-SLAPP ruling because plaintiff has not demonstrated she was prejudiced by the timing of the motion. (See Cal. Const., art. VI, § 13 ["[n]o judgment shall be set aside . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"]; Code Civ. Proc., § 475 [court must disregard procedural defect that "does not affect the substantial rights of the parties"].)

Second, plaintiff argues the court erred by granting the anti-SLAPP motion concerning causes of action not alleged against Patterson. We reject this argument because it is not factually developed. An appellant " 'must convince the court, by . . . calling relevant portions of the record to the court's attention, that the trial court decision contained reversible error.' " (*Lafayette*

*Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 869.) When the appellant does not do this, we may reject a claim of error without any further consideration. (*Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910.)

It also appears from our review of the record that there was no error. The first amended complaint is not a very clear pleading and does not unambiguously allege some causes of action against only other defendants. On the contrary, it expressly alleges all causes of action against Does 1-100 and alleges that Patterson is Doe number 2.

Any error also was harmless. (See Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) As Patterson puts it, "[i]f certain causes of action were not brought against [him], then granting the motion as to those causes of action did not prejudice Plaintiffs because she did not lose anything; none of the other defendants joined Patterson's motion so her claims against them were not affected." We agree. Indeed, the court's order does not state that it dismisses any claims against any other defendants. So the court's ruling did not impact any of those other claims.

In her reply brief, plaintiff argues the litigation privilege defense does not apply. The relevance of this discussion is unclear. In any event, the issue is forfeited. " 'It is elementary that points raised for the first time in a reply brief are not considered by the court.' " (*Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 548.)

## DISPOSITION

The order granting Patterson's anti-SLAPP motion is affirmed. Respondent shall recover his costs.

3

_____

STEWART, P. J.

We concur.

_____

RICHMAN, J.

_____

MILLER, J.

*Nguyen v. Patterson* (A168112)

4